NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FELIPE PETRONE CABANAS, *Petitioner*.

No. 1 CA-CR 15-0660 PRPC
FILED 8-22-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 99-006656
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF GRANTED; REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

The Hopkins Law Office, PC, Tucson
By Cedric Martin Hopkins
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1          Felipe Petrone Cabanas ("Cabanas") petitions for review of the superior court's order denying his request for resentencing based on *Miller v. Alabama*, 567 U.S. 460 (2012). For the following reasons, we grant review and relief, and remand for further proceedings.

¶2          In 2001, Cabanas pled guilty to first degree murder of a police officer, an offense he committed when he was seventeen years old. The superior court imposed a term of natural life in prison without the possibility of release.

¶3          In 2013, Cabanas commenced a proceeding for post-conviction relief in which he challenged his natural life sentence based on *Miller*. In *Miller*, the Supreme Court held that "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" violates the Eighth Amendment's prohibition against cruel and unusual punishment. 567 U.S. at 479. Cabanas argued *Miller* was a significant change in the law that entitled him to a new sentencing hearing.

¶4          After hearing argument on the applicability of *Miller*, the superior court ruled that *Miller* was a significant change in the law that applies retroactively and directed further proceedings be conducted to determine whether Cabanas's natural life sentence comports with the dictates of *Miller*. In the supplemental proceedings, Cabanas argued that, in light of *Miller*, the Arizona sentencing scheme in place when he was sentenced was unconstitutional and that the sentencing court failed to consider life with the possibility of release after twenty-five years, but rather only death and natural life.

¶5          After conducting a hearing on Cabanas's claims for relief and ordering additional filings by the parties, the superior court denied relief, ruling the natural life sentence did not violate *Miller* because that sentence was not mandatory, but instead was imposed after the sentencing court had considered Cabanas's age and other mitigating factors. The court also

rejected the claim that the sentencing court failed to consider a sentence of life with the possibility of release after twenty-five years.

¶6            Following the filing of Cabanas's petition for review, this court ordered supplemental briefing on the applicability of the decision by Division Two of this court in *State v. Valencia*, 239 Ariz. 255 (App. 2016). In *Valencia*, this court held that *Miller*, as broadened by *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), is a significant change in the law for purposes of Arizona Rule of Criminal Procedure 32.1(g) that entitled the juvenile petitioners, who were sentenced to natural life, to be resentenced. *Id*. at 258 ¶¶ 12, 15–16. Our supreme court, however, subsequently granted review, vacated the court of appeals' opinion, reversed the superior court's rulings denying relief, and remanded for further proceedings to determine if petitioners were entitled to relief. *State v. Valencia*, 241 Ariz. 206 (2016).

¶7            In *Valencia*, *id*. at 209, ¶ 14, our supreme court held *Montgomery* clarified "that *Miller* is a new substantive rule of constitutional law that must be given retroactive effect by state courts." The court further observed *Miller* held that imposing a sentence of life without parole on a child whose crime reflects "transient immaturity of youth" as opposed to "irreparable corruption" violates the Eighth Amendment. *Id*. at 210, ¶ 15. Because Arizona law, when the petitioners were sentenced, allowed the superior court to impose a natural life sentence on a juvenile convicted of first degree murder without distinguishing crimes that reflected "irreparable corruption" rather than "transient immaturity of youth," our supreme court held the petitioners were entitled to relief, but not to immediate resentencing. Instead, the court remanded for an evidentiary hearing to permit the petitioners the "opportunity to establish, by a preponderance of the evidence, that their crimes did not reflect irreparable corruption but instead transient immaturity. Only if they meet this burden will they establish that their natural life sentences are unconstitutional, thus entitling them to resentencing." *Id*. at 210, ¶ 18 (internal citation omitted).

¶8            As in *Valencia*, Cabanas was sentenced when there was no requirement that a sentencing court distinguish between crimes that reflect "irreparable corruption" as opposed to "transient immaturity of youth" before imposing a sentence of natural life on a juvenile. Although the sentencing court considered Cabanas's age in deciding on a sentence of natural life, that is insufficient to deny relief on an Eighth Amendment challenge to that sentence based on *Miller*. "Even if a court considers a child's age before sentencing him or her to a lifetime in prison, that sentence still violates the Eighth Amendment for a child whose crime reflects unfortunate yet transient immaturity." *Montgomery*, 136 S. Ct. at 734

(internal quotation marks omitted). Cabanas is therefore entitled to an evidentiary hearing to allow him the opportunity to establish that his crime reflects transient immaturity. *Valencia*, 241 Ariz. at 210, ¶ 18; *see also Montgomery*, 136 S. Ct. at 736-37 (noting "prisoners like Montgomery must be given the opportunity to show their crime did not reflect irreparable corruption; and, if it did not, their hope for some years of life outside prison walls must be restored.").

**¶9** Accordingly, we reverse the superior court's ruling dismissing the petition for post-conviction relief and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

4